UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIELLE V.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 3:25-cv-05104

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's applications for supplemental security income (SSI) benefits and disability insurance benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by this Magistrate Judge. *See* Dkt. 3. Plaintiff challenges the ALJ's decision finding plaintiff not disabled. Dkt. 1, Complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed claims for SSI and DIB in January 2022, alleging disability beginning December 31, 2019. Administrative Record (AR) 17. Her applications were denied at the initial level and on reconsideration. AR 71–130. A hearing was conducted before an ALJ on October 30, 2023. AR 35–70.

The ALJ issued a decision denying benefits on January 29, 2024. AR 14–34. In his written decision, the ALJ found plaintiff had the following impairments: breast

1

1  cancer, left hip degenerative joint disease status post-arthroscopy and labral
2  reconstruction, and obesity. AR 20. The ALJ found plaintiff had the residual functional
3  capacity (RFC) to "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)
4  except can occasionally climb ramps, stairs, ladders, ropes, and scaffolds; and can
5  tolerate occasional exposure to workplace hazards such as unprotected heights, and
6  exposed, moving machinery." AR 23. The Appeals Council denied plaintiff's request for
7  review, making the ALJ's decision the final decision of Commissioner. AR 1–6. Plaintiff
8  appealed to this Court. See Dkt. 1.

## DISCUSSION

10  Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's
11  denial of Social Security benefits if, and only if, the ALJ's findings are based on legal
12  error or not supported by substantial evidence in the record as a whole. *Revels v.*
13  *Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial
14  evidence is "such relevant evidence as a reasonable mind might accept as adequate to
15  support a conclusion." *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal
16  citations omitted). The Court must consider the administrative record as a whole.
17  *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both
18  the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.*
19  The Court is "constrained to review the reasons the ALJ asserts." *Connett v. Barnhart*,
20  340 F.3d 871, 874 (9th Cir. 2003).
21  Plaintiff alleged disability from her onset date (December 31, 2019) through
22  February 21, 2023, when she returned to work. AR 17. Within that relevant period,
23  plaintiff had hip surgery in November 2020 and underwent chemotherapy from January
24  through July 2022. *See* AR 23, 25. A claimant is entitled to benefits if their MDIs prevent

1  them from performing substantial gainful activity for at least twelve months. *See* 42
2  U.S.C. § 1382c(3)(A); 20 C.F.R. §§ 416.905(a), 416.909. For this reason, where an
3  impairment resolves before a hearing but lasted twelve or more months, ALJs must
4  consider whether a claimant is entitled to benefits for any 12-month interval within the
5  relevant period. *See, e.g.*, *Courtny R. v. O'Malley*, 2024 WL 1269480, at *11 (S.D. Cal.
6  2024) (collecting cases); *Calhoun v. Colvin*, 959 F. Supp. 2d 1069, 1075 (N.D. Ill. 2013)
7  ("[T]he disability inquiry must be made throughout the continuum that begins with the
8  claimed onset date and ends with the hearing date, much as though the ALJ were
9  evaluating a motion picture at every frame of that time period instead of . . . a snapshot
10 taken [at] the hearing.").

      In her opening brief, plaintiff argues the ALJ did not properly assess her
12 subjective testimony and the medical evidence (1) with respect to her ability to sit,
13 stand, and walk, and (2) with respect to her allegations of fatigue. Dkt. 11. Where (as is
14 the case here) the ALJ finds plaintiff has presented evidence of one or more
15 impairments which could be reasonably expected to cause alleged symptoms and there
16 is no affirmative evidence of malingering, the ALJ must give specific, clear, and
17 convincing reasons for discounting plaintiff's testimony. *Garrison*, 759 F.3d at 1014–15
18 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). In so doing, "[t]he ALJ
19 must state specifically which symptom testimony is not credible and which facts in the
20 record lead to that conclusion." *Smolen*, 80 F.3d at 1284.

      <u>Sit, Stand, and Walk Limitations</u>. Plaintiff testified she had difficulties walking
22 before her hip surgery; that she could not stand for more than five minutes at once; and

that she had to lie down most the day. See AR 50–52.[1] These symptoms persisted post-surgery. AR 51–52. In function reports, she also indicated difficulty sitting and attributed her limitations to her hip injury, post-surgery recovery, and post-chemotherapy pain. See AR 316, 345.

The ALJ summarized much of the medical evidence and asserted that plaintiff's allegations were "inconsistent with other evidence in the record." AR 23–26. This is generally insufficient to clear his burden. See Ferguson v. O'Malley, 95 F.4th 1194, 1200 (9th Cir. 2024) ("[T]o satisfy the substantial evidence standard, the ALJ must...explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony.") (emphasis in original). Even "a relatively detailed overview of [a claimant's] medical history" along with "non-specific conclusions that [the claimant's] testimony was inconsistent with her medical treatment" is insufficient to meet the ALJ's burden. Lambert v. Saul, 980 F.3d 1266, 1277–78 (9th Cir. 2020).

The ALJ's discussion of the medical evidence does not show plaintiff's testimony was inconsistent with the medical evidence. The ALJ stated that plaintiff had surgery in November 2020 after "unsuccessful treatment" for her hip, and then "had a difficult recovery over the next year." AR 24. Yet the ALJ's decision does not discuss any medical evidence from before November 2021—nearly two years after the alleged onset date—showing plaintiff was capable of walking or standing for prolonged periods. See id.

---

[1] At the hearing, plaintiff initially testified differently, likely due to some uncertainty regarding the questions being asked (see AR 50), but the ALJ described her testimony as described here (see AR 23).

And the ALJ made no findings pertaining to plaintiff's ability to sit in place for extended periods of time. *See* AR 23–25. Physical therapy records from the pre-surgery period confirm plaintiff indicated she had walking, sitting, and standing limitations during this period. *See, e.g.*, AR 555, 602. The Court reviews only the ALJ's findings, and does not consider reasons that the ALJ did not discuss; the medical evidence was not a clear and convincing reason for rejecting plaintiff's testimony about the extent of her standing and walking abilities before November 2021.

Defendant points to some evidence purporting to show plaintiff was less limited than alleged, but such evidence does not provide substantial evidence for either the ALJ's rejection of plaintiff's testimony or for the RFC. Dkt. 15 at 3. One physical therapy note cited (AR 546) indicated plaintiff would walk or sit up to two hours, but that note also indicated she had improvement due to a reduction in function. Even so, this does not show plaintiff was capable of light work, which involves standing or walking up to six hours. *See* SSR 83-10; *see also* AR 548 (indicating at same appointment plaintiff could not stand and walk for seven hours). Another note indicated plaintiff walked in a mall for three hours (AR 424) but that was not without difficulty, as she "notice[d] a lot of weakness" and did not try standing or walking more than 3 to 4 hours afterwards due to soreness.

The ALJ concluded plaintiff improved by November 2021. *See* AR 24 (citing AR 880, describing course of improvement). But "some improvement" in a person's symptoms "does not mean that the person's impairments no longer seriously affect her ability to function in a workplace." *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). And the ALJ made no findings countering plaintiff's allegations that once she

started chemotherapy two months later, she had physically-limiting pain. *See* AR 24–25. The improvement described by the ALJ's decision is, without further findings, neither a proper basis to reject plaintiff's testimony about her pre-surgery abilities, her abilities while recovering from surgery, or for her abilities once starting chemotherapy.

The ALJ also noted plaintiff attended cosmetology school for six months during the relevant period. AR 26. An ALJ may discount a claimant's testimony based on daily activities that either contradict their testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

The ALJ did not find plaintiff's cosmetology schooling met the transferable work skills threshold. AR 26. To the extent the ALJ found it was inconsistent with her testimony, this was not supported by substantial evidence, as plaintiff spent most the time in the school sitting with her legs elevated, rather than standing or walking. *See* AR 60.

In sum, the ALJ failed to properly address plaintiff's testimony about the extent to which she could sit, stand, and walk during the relevant period. This error is not harmless and requires reversal, as such testimony, if credited, would suggest plaintiff was incapable of the light work positions which the ALJ found her capable of performing. *See Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) (error that could result in more restrictive RFC precluding gainful employment found not harmless).

<u>Fatigue Symptoms</u>. Plaintiff testified she was fatigued during her chemotherapy (AR 54) and the medical evidence shows this was a symptom she often described in treatment notes, beginning at least in January 2022 (*see* AR 1460, 1993, 2035, 2114,

2219, 2270, 2369–70). The ALJ found that "while ongoing fatigue is supported by the record, particularly in the course of chemotherapy, this treatment lasted only 4 months[.]" AR 26. As defendant concedes, plaintiff's chemotherapy actually lasted seven months. Dkt. 15 at 5 & n.2.

More significantly, the implication of the ALJ's finding that plaintiff's fatigue existed only as long as her chemotherapy lasted is unsupported by the record. *See* AR 2270 (progressive fatigue in August 2022); 2651 (September 2022). Defendant cites some records showing the fatigue ultimately improved before the 12-month duration requirement could be met (*see* Dkt. 15 at 5), rendering any error in this respect harmless, but the ALJ made no such findings (*see* AR 25).

## CONCLUSION

For those reasons, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings, including a new hearing. On remand, the Commissioner shall conduct a de novo hearing, allow plaintiff to present additional evidence, consider the evidence, evaluate and reassess plaintiff's physical limitations and fatigue-related symptoms throughout the relevant period, issue a new decision that would include a new RFC and make new findings at step four and five of the sequential evaluation.

Dated this 16th day of January, 2026.

Theresa L. Fricke
United States Magistrate Judge